**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID CAMERON FIZER,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT UNKNOWN MCGUIRE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-cv-0678-PLC |

## MEMORANDUM AND ORDER

David Cameron Fizer, a self-represented prisoner, filed a civil rights complaint under 42 U.S.C. § 1983 [ECF No. 1], a motion for leave to proceed *in forma pauperis* [ECF No. 2], a motion for appointment of counsel [ECF No. 3], and a motion for temporary restraining order [ECF No. 7]. For the reasons set forth below, the Court denies Plaintiff's motions and directs Plaintiff to either (1) pay the full $405 filing fee, or (2) file a renewed motion to proceed *in forma pauperis* on the enclosed form with a certified inmate account statement.

### I. Filing Fee

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating an inability to pay. 28 U.S.C. § 1915(a)(1). In addition to the standard *in forma pauperis* affidavit, a prisoner must provide a certified copy of his inmate account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20 percent of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account. 28 U.S.C. § 1915(b)(1). After that, the prisoner litigant must make monthly payments equal to 20 percent of the preceding month's income until the prisoner litigant pays the fee in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Plaintiff submitted an account statement reflecting transaction activity from July 2, 2025, to April 10, 2026 [ECF No. 4]. He later filed an account statement reflecting activity from September 23, 2025, to May 10, 2026 [ECF No. 6]. However, the documents appear to be uncertified computer printouts, and do not bear any attestation from an appropriate prison official. Section 1915(a)(2) requires a certified copy "obtained from the appropriate official of each prison at which the prisoner is or was confined." Accordingly, the Court denies Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] without prejudice. If Plaintiff intends to pursue this action he must, no later than December 21, 2026, either (1) pay the full $405 filing fee, or (2) file a renewed motion on the enclosed form with a certified inmate account statement.

**II. Appointment of Counsel**

Plaintiff also filed a motion for appointment of counsel [ECF No. 3]. In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the

litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Id.* (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

The Court finds that appointment of counsel is not warranted at this time. Neither the factual nor legal issues in this case appear complex. Further, at this early stage the Court cannot determine whether the litigation would benefit from the assistance of counsel. Therefore, the Court denies Plaintiff's motion for appointment of counsel [ECF No. 3] without prejudice.

**III. Motion for Temporary Restraining Order**

Plaintiff separately moves for a temporary restraining order against Defendant Lisa Hooker [ECF No. 7]. Plaintiff asserts Defendant Hooker has failed to do her job, and he seeks access to a different case worker.

In the prison context, "a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotation marks and citation omitted).

To obtain emergency injunctive relief, a movant must demonstrate: (1) a likelihood of success on the merits; (2) a threat of irreparable harm absent the injunction; (3) that the balance of harms favors the movant; and (4) that the public interest favors granting relief. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Upon consideration, the Court finds Plaintiff's motion satisfies none of these factors. The Court therefore denies Plaintiff's motion for a temporary restraining order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff must, no later than **December 21, 2026**, either (1) pay the full $405 filing fee or (2) file a renewed motion for leave to proceed *in forma pauperis* on the enclosed form along with a certified inmate account statement.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a copy of the Court's standard *in forma pauperis* application.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary restraining order [ECF No. 7] is **DENIED**.

Plaintiff's failure to comply with this order may result in the dismissal of this action without prejudice and without further notice.

Patricia L. Cohen

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of November, 2026.